UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE KELLY,<br><br>    Plaintiff,<br><br>    v.<br><br>ARAMARK SERVICES, INC.,<br><br>    Defendant. | Case No. 22-cv-01272-AMO<br><br>**ORDER TO SHOW CAUSE**<br>**RE: FAILURE TO PROSECUTE** |

On February 23, 2024, Kelly notified the Court that the parties had reached a settlement in principle. ECF 56. The Court set a deadline for the motion for preliminary approval of class action settlement of June 24, 2024. ECF 57. On June 21, 2024, the Court granted the parties' stipulation to extend the deadline, making August 8, 2024 – the date the parties jointly proposed – the new deadline for the motion. ECF 59. No motion for preliminary approval was filed, and no additional activity occurred in this case except a notice of change in counsel by one of Kelly's attorneys on August 8, 2024. ECF 60. Accordingly, on November 27, 2024, the Court issued an Order to Show Cause ("OSC") and ordered Kelly's counsel to file a written response explaining why they should not be sanctioned for failure to comply with the Court's deadline. ECF 61. The Court set an in-person show cause hearing for December 12, 2024. *Id.*

Counsel for Kelly, Jose Maria D. Patino, Jr., filed a response to the OSC explaining the reasons for Kelly's failure to meet the August 8, 2024 deadline. ECF 63. Mr. Patino noted that in July 2024, an attorney unexpectedly left his firm, Setareh Law Group, causing that attorney's caseload to be distributed between the remaining two senior attorneys, including Mr. Patino. ECF 63 at 2. Mr. Patino also noted that the settlement agreement reached by the parties contemplates adding a claim for civil penalties under the California Private Attorneys General Act of 2004 (Lab.

1    Code § 2698) ("PAGA") to be released. *Id.* at 3. Kelly thus was required to send a notice to the
2    California Labor and Workforce Development Agency ("LWDA") as a prerequisite to filing an
3    amended complaint. *Id.* On July 19, 2024, Mr. Patino's firm sent a draft of a PAGA Notice letter
4    to defense counsel to review and approve and requested the draft of the long-form agreement for
5    Kelly's review and approval. *Id.* Aramark returned to Kelly drafts of the long-form agreement,
6    class notice, and revisions to the proposed PAGA Notice letter on August 1, 2024. *Id.* Mr. Patino
7    returned his revisions to the draft long-form settlement agreement to Aramark on August 7, 2024,
8    and submitted the PAGA Notice to the LWDA and served it on Aramark the following day. *Id.*
9    Aramark sent a finalized copy of the settlement agreement on August 15, 2024 – a week after the
10   motion for preliminary approval was due to the Court. *Id.* Mr. Patino intended to reset his "task"
11   to complete and file the motion in his firm's case management software with an internal deadline
12   of one week later – two weeks after the motion was due to the Court. *Id.* However, Mr. Patino
13   inadvertently changed the due date to August 22, 2025, rather than August 22, 2024. *Id.*
14   Consequently, Mr. Patino did not become aware of his error until receiving the OSC nearly three
15   months later. *Id.* at 4.
16         At the show cause hearing on December 12, 2024, the Court discussed Mr. Patino's
17   submission with him, expressing particular concern regarding his decision to allow the August 8,
18   2024 deadline to pass without requesting a continuance from the Court. Accordingly, the Court
19   declined to discharge the OSC, and ordered Mr. Patino to file supplemental briefing by
20   December 19, 2024, regarding appropriate sanctions and remedial steps to be taken in the future.
21   *See* ECF 64. Mr. Patino submitted supplemental briefing on December 19, 2024. ECF 65.
22   Therein, Mr. Patino acknowledged that the precipitating event of the missed deadline was the
23   failure to file the motion by the stipulated August 8, 2024 deadline or to seek an extension of that
24   deadline. *Id.* He further stated that admonition, reprimand, or censure would be an appropriate
25   sanction and did not list any remedial steps to be taken in the future. *See id.* On January 14, 2025,
26   the Court personally sanctioned Mr. Patino, which was timely paid. ECF 66. Moreover, the Court
27   granted the parties' stipulation for leave to file a second amended complaint on January 14, 2025,
28   ECF 67, and Kelly filed the second amended complaint that same day, ECF 68.

As of the date of this Order, no motion for preliminary approval has been filed. Nine months have passed since the deadline for the motion for preliminary approval, and over four months have passed since the Court sanctioned Mr. Patino and since Kelly filed the second amended complaint. The Court is deeply troubled by counsel's inexplicable failure to meet Court deadlines and to advance this case, particularly in light of the Court's issuance of sanctions and counsel's representation to the Court in December of last year that the motion for preliminary approval would be filed imminently, *see* Declaration of Mr. Patino (ECF 63) ("[T]he motion for preliminary approval will be filed shortly and entered on the Court's docket either tonight or tomorrow morning – well in advance of the OSC on December 12, 2024."). It is plaintiffs' responsibility to advance their cases, and failure to do so is particularly troubling where, like here, the rights of non-present class members are affected by the conduct of plaintiffs and their counsel. Accordingly, the Court is concerned about the adequacy of counsel's representation of the class in this matter, as well as counsel's representation of plaintiffs in other matters before this Court. *See, e.g.*, *Gilmore v. Safe Box Logistics*, No. 21-cv-6917-AMO, 2025 WL 1331695 (N.D. Cal. May 7, 2025) (denying second amended motion for approval of PAGA settlement subject to resubmission); *Smith v. 9W Halo W. OpCo L.P.*, No. 20-cv-1968-AMO, 2025 WL 948003 (N.D. Cal. Mar. 28, 2025).

The Court possesses the inherent power to dismiss an action of its own accord "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962). By **June 25, 2025**, Kelly **SHALL FILE** a written response to this order explaining why this action should not be dismissed for his failure to prosecute the case and to comply with Court orders.

If Kelly wishes to proceed with the case, by **June 25, 2025**, he **SHALL FILE** the motion for preliminary approval. The motion must comply with the Northern District's Procedural Guidance for Class Action Settlements. Failure to comply with the Guidance may result in denial of the motion on that basis alone. Moreover, in light of the Court's concerns regarding counsel's lack of diligence in advancing this case, the Court urges Plaintiff's counsel to consider associating co-counsel to demonstrate adequacy of class counsel. If Kelly cannot file the motion for

3

preliminary approval by June 25, 2025, Kelly must submit a stipulation or administrative motion, in compliance with the Civil Local Rules and no later than noon on June 18, 2025, demonstrating good cause for counsel's inability to meet the deadline and proposing a new deadline.

**IT IS SO ORDERED.**

Dated: May 23, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**