UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE KELLY,

Plaintiff,

v.

ARAMARK SERVICES, INC.,

Defendant.

Case No. 22-cv-01272-AMO

**ORDER RE MOTION FOR ATTORNEY FEES & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Re: Dkt. Nos. 92, 97

On June 11, 2026, a hearing was held on Plaintiff Lawrence Kelly Jr.'s Motion for Final Approval of Class Action Settlement, Attorneys' Fees, Reimbursement of Litigation Costs, and Service Award. Plaintiff and Defendant Aramark Services, Inc. ("Defendant") (collectively, the "Parties") have submitted their Stipulation of Class and PAGA Representative Action Settlement (the "Settlement") (ECF No. 77-1, Ex. A), which this Court preliminarily approved by its order entered on December 23, 2025.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument presented at the final approval hearing on June 11, 2026 and in Kelly's supplemental submission of June 15, 2026, the Court **GRANTS** final approval of the Settlement, and **HEREBY ORDERS** as follows:

The Court confirms certification, for settlement purposes only, of the Settlement Class comprised of: "all persons employed by Defendants in the Refreshments line of business in hourly or non-exempt positions in California during the Class Settlement Period, other than those persons whose hours were regulated by (1) the United States Department of Transportation Code of Federal Regulations, Title 49, Sections 395.1 to 395.13; and /or (2) Title 13 of the California Code of Regulations, subchapter 6.5, Section 1200." Dkt. No. 91 ("Preliminary Approval Order") at 12.

The Class Period is March 1, 2018, through and including February 10, 2024. *Id.*

Pursuant to the Preliminary Approval Order, a Class Notice was sent to each Class Member by first-class U.S. mail. These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Class Members filed written objections to the proposed Settlement or opted-out during the notice period. The Court notice afforded adequate protections to Class Members and thus constituted the best notice practicable under Rule 23.

For the reasons stated in the Preliminary Approval Order, the Court finds that the Class, as conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification, and it is **HEREBY ORDERED** that the Class is finally approved and certified as a class for purposes of the Settlement. The Court further finds that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not submit elections not to participate in the Settlement will be bound by the Settlement in accordance with the Settlement and the Preliminary Approval Order, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. All Participating Class Members, including Plaintiff, are bound by this Order and Judgment and by the terms of the Settlement, including the releases provided for in the Agreement. As of the Settlement Date, by operation of this Order and Judgment, each Participating Class Member, including Plaintiff, shall be deemed to have fully released, waived, relinquished, and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Released Parties.

The Court also finds that the Individual Settlement Payments to be paid to the Settlement Class Members and PAGA Members, as provided for by the Settlement, are fair and reasonable. Therefore, the Court hereby **ORDERS** the payment of those amounts be made to the Settlement Class Members and PAGA Members out of the Gross Settlement Amount in accordance with the

Settlement.

The Court further finds that the fees and expenses in administrating the Settlement, in an amount up to $4,950, are fair and reasonable. The Court hereby **ORDERS** that amount be paid out of the Gross Settlement Amount in accordance with the Settlement.

The Court finds that Setareh Law Group's ("Class Counsel") request for $23,750.00 in attorney fees, an amount equal to 25% of the Gross Settlement Amount of $95,000, and costs in the amount of $5,000, is fair, adequate, and reasonable after a 10% reduction in the requested fee amount. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation."). Accordingly, the Court **ORDERS** a reduced amount of fees in the amount of $21,375, and the full amount of expenses $5,000, to be paid to Class Counsel in accordance with the terms of the Settlement.

Furthermore, in addition to any recovery Plaintiff may receive under the Settlement as a Settlement Class Member and/or PAGA Member, and in recognition of Plaintiff's efforts on behalf of the Class, the Court finds that the requested service award to Plaintiff Lawrence Kelly Jr. is fair and reasonable and **ORDERS** the payment of a service award of $5,000 to Plaintiff Lawrence Kelly Jr.

The Court also finds the $5,000 allocated for PAGA penalties to be fair and reasonable and approves the Settlement pursuant to California Labor Code Section 2699(l). The Court **ORDERS** payment of PAGA penalties in the amount of $3,750 to the California Labor and Workforce Development Agency ("LWDA") representing the LWDA's 75% share of the $5,000 allocated to PAGA penalties and payment of the remaining $1,250, or 25%, to PAGA Members as provided for in the Settlement. PAGA Members will be bound by the PAGA Release whether or not they request exclusion from the Settlement.

Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

Nothing in this Order will preclude any action to enforce the Parties' obligations under the

United States District Court
Northern District of California

3

United States District Court
Northern District of California

Settlement or under this Order, including the requirement that Defendant make payments to the Class Members in accordance with the Settlement.

If a Class Member has not cashed his or her check(s) within 180 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the Administrator to the State of California, to be held and disposed of by the Controller in accordance with California's Unclaimed Property Law for the benefit of the Participating Class Members and PAGA Members who did not cash the settlement checks until such time that they claim their property.

Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

The Parties **SHALL** comply with the terms of the Settlement.

The Court **HEREBY GRANTS** final approval and **ENTERS** final judgment in accordance with the terms of the Settlement, the Preliminary Approval Order filed on December 23, 2025, and this Order.

This document will constitute a final judgment for purposes of Rule 58, Federal Rules of Civil Procedure.

The Parties will bear their own costs and attorneys' fees except as otherwise provided by this Order.

A post-distribution accounting, compliant with the District's Procedural Guidelines for Class Action Settlements, is due within 21 days after settlement checks become stale.

**IT IS SO ORDERED.**

Dated: June 15, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

4